# EXHIBIT B

REBUTTAL TO GOVERNMENT CONTENTIONS IN DETENTION MEMORANDUM

| Page | Allegation | TRUTH |
|---|---|---|
| 6 | Failure to file tax returns since 2017 | Counsel believes the evidence will show Mr. Mattson and KSMP have filed federal tax returns from 2017-2022. These were provided to the SEC. Counsel has copies |
| 7 | Trash bags | Counsel believes the evidence will show Mr. Mattson and his wife suspected there would be a search of their home. There was an effort to remove all guns from the home for the safety of residents and any officers or agents. Mr. Mattson's relatives were present on May 22nd removing ammunition and guns and putting them in trash bags which was on video and NOT hidden from law enforcement or anyone else. When the firearms were removed, video inside the house was no longer needed. Trash from the home was also placed in the bags. |
| 9 | Deletion of files on May 23 | Counsel believes the evidence will demonstrate that Mr. Mattson was one of several people who had access to the shared dropbox account managed by Home Tax Service for Lefever Mattson |
| 9 | Deletion of files on March 15, 2024 | Counsel believes the evidence will demonstrate that Mr. Mattson was not subject to any preservation of evidence on this date and he did not delete the files. |

1

REBUTTAL TO GOVERNMENT CONTENTIONS IN DETENTION MEMORANDUM

| Page | Allegation | TRUTH |
|---|---|---|
| 9 | Stolen artwork in May 2024 | Counsel believes the evidence will show Mr. Mattson sold several properties in Sonoma. There was a dispute in the sale: Mr. Mattson had an exclusion list of his personal property that was not part of the sales contract. Mr. Mattson had the keys to the premises and possession of the property. The property was approximately 100 'paint by numbers' with a total value of $200-300.00. The police arrived and the exclusion list was shown to them. The new owners denied the exclusion and the police said it was a civil matter. As the government knows, no charges were brought against Mr. Mattson |
| 9-10 | Del Mar property | This property is presently in the Bankruptcy estate and subject to a *lis pendens* by the government. Marc Lair, the party who controls the LLC, recorded his deed with Mr. Mattson's name on it and did not realize he made a mistake until the IRS interviewed him on April 16, 2024. Mr. Mattson's name should not be on this property. |

2

REBUTTAL TO GOVERNMENT CONTENTIONS IN DETENTION MEMORANDUM

| Page | Allegation | TRUTH |
|---|---|---|
| 10 | Banking transactions | Without the benefit of bank records we can only respond as follows:<br><br>In June 2024, Mrs. Mattson sold a home in Del Mar and the proceeds were put into various bank accounts.<br><br>In July 2024, $10,000 was given to Mr. Mattson's son for a security deposit on a rental. |
| 10 | Car Purchases | Counsel believes that the evidence will show that prior to September 2024, Mr. & Mrs. Mattson had vehicles leased by LM. They then had to purchase new vehicles because of the issues at LM. Funds from the sale of the Del Mar property were used to purchase the two vehicles that are both in Mrs. Mattson's name. |
| 11 | $9,104 in cash plus keys | The three envelopes Mr. Mattson had in his car were filled with cash from his collection of rental income. The fronts of the envelope clearly state the following:<br>**RENT FOR MAY-2025 $2650**<br>**MAY 23, 2025 AT 12:30PM**—Three envelopes:<br>(1) $1680; (2) 5724; (3) 1700<br>Total is $9104.00 |